IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>GUY A. REAM,<br><br>　　　　　　　Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:13-cv-99-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

　　　　Guy A. Ream filed documents against the State of Utah, Mark L. Shurtleff, and Judge Denise P. Lindberg.[1]  The Court granted Mr. Ream leave to proceed *in forma pauperis*.  (ECF No. 3.)  Because Mr. Ream proceeds *pro se*, the Court liberally construes his filings.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).  Because the *Younger*[2] abstention doctrine compels this Court to decline jurisdiction over certain of Mr. Ream's claims, and Mr. Ream otherwise fails to state a claim, the undersigned Magistrate Judge[3] recommends the Court dismiss this case as frivolous and for failure to state a claim on which the Court can grant relief under the authority of the *in forma pauperis* statute, 28 U.S.C. section 1915(e)(2)(B)(i)–(ii).

---

　　　　[1] Mr. Ream's filings in this action variably list different parties as plaintiffs and defendants.  Most documents include some combination of the State of Utah, Denise Lindberg, Mark Shurtleff, and Bruce Wisan as plaintiffs.  Despite Mr. Ream's captioning of this action, *he* brought this case.

　　　　[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

　　　　[3] On February 22, 2013, Judge Clark Waddoups referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. section 636(b)(1)(B).  (ECF No. 5.)

-1-

**DISCUSSION**

As an initial matter, the Court notes one of Mr. Ream's early filings in this case includes a Civil Cover Sheet that identifies this case as a removal action.[4] (ECF No. 4.) The clerk docketed the filing as a notice of removal. Nonetheless, the Court's examination of this and other documents filed in this case suggest Mr. Ream seeks to enjoin the state actions he identifies in his filings rather than remove them to federal court.[5] Thus, the Court will liberally construe this filing (ECF No. 4) as initiating an action seeking relief related to the state actions Mr. Ream identifies in his filings. *See Casanova*, 595 F.3d at 1125 (citation omitted) (liberally construing *pro se* party's filings).

The *in forma pauperis* statute requires a court to dismiss a frivolous case or a case that fails to state a claim upon which the Court can grant relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim where it does not contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Ream asks this Court to enjoin pending state proceedings. (*See* ECF No. 4.) But the *Younger* abstention doctrine "instructs that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or

---

[4] Neither the state court nor any of the parties to that action appears aware Mr. Ream filed this misidentified notice of removal. Mr. Ream does not appear to have filed a notice of removal with the state court and the parties, and no parties other than Mr. Ream have filed any documents in this case.

[5] Documents attached to this filing indicate Mr. Ream is not a party to the state actions he identifies. (ECF No. 4.) Only a defendant may remove a state court action to federal court. *See* 28 U.S.C. § 1441(a). Mr. Ream therefore would, in any case, not have standing to remove.

declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)) (internal quotation marks omitted).  Because *Younger*[6] counsels this Court to decline jurisdiction over Mr. Ream's attempt to stay the pending state actions, the Court recommends dismissal of these claims as frivolous under 28 U.S.C. section 1915(e)(2)(B)(i) and for failure to state a claim upon which the Court can grant relief under 28 U.S.C. section 1915(e)(2)(B)(ii).  *See Verbal v. Krueger*, No. 1:09CV990, 2010 WL 276644, at *5–7 (M.D.N.C. Jan. 15, 2010) (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) where *Younger* doctrine precluded court from granting relief); *Mehdipour v. Chapel*, 23 F. App'x 920, 922 (10th Cir. 2001) (affirming dismissal of action under 28 U.S.C. section 1915A(b)(1) as frivolous based on *Younger*).

In addition to the misidentified notice of removal, Mr. Ream has filed a number of other documents (*see* ECF Nos. 2, 6–12) that, although they attempt to assert a variety of claims, do not contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming*, 656 F.3d at 1214 (citation omitted).  Therefore, to the extent Mr. Ream seeks relief beyond that which this Court has already identified as precluded under the *Younger* doctrine, the Court recommends dismissal of those claims under 28 U.S.C. section 1915(e)(2)(B)(ii).

---

[6] Even if the state cases had final decisions, the *Rooker-Feldman* doctrine bars this Court from reviewing final state court decisions.  *See Osguthorpe*, 705 F.3d at 1230 n.7.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the Court DISMISS this case without prejudice under 28 U.S.C. section 1915(e)(2)(B)(i)–(ii).

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of June, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge